May it please the Court, Malad Saad for the Petitioner. Now as a preliminary matter, I would like to address the Respondent's arguments that this Court does not have jurisdiction over this case. Now the Government offers two grounds. The first is that the Petitioner was ordered removed pursuant to an accurate felony conviction. Now this Circuit has elaborated on the accurate felony conviction jurisdiction stripping grounds. Specifically, the Court has outlined that one, an alien needs to be found removable. And second, the alien must be ordered removed on the basis of that criminal act. Now here, the immigration judge did find the Petitioner removable because of his accurate felony. However, the immigration's final order was not based on the accurate felony conviction, but rather denial of the 212C application for relief. Do I understand correctly that the I.J. found as a matter of discretion that the Petitioner did not have the requisite hardships? That's, Your Honor, is correct. Isn't that discretionary decision nonreviewable? Generally, yes. However, our argument is that the I.J. used the high-end standard in evaluating Petitioner's 212C application. And specifically, our argument is that the I.J.'s determination of a serious crime and thus the triggering of the high-end standard is a question of law, which is reviewable by this Court. It's not a discretionary decision on their part? Do you have any case that supports that? The only case, there is no case on point. However, I believe Fernandez v. Ashcroft and its description of what cases or what decisions are deemed discretionary or nondescriptionary is helpful in this instance. Even if you're right, how can it be an abuse of discretion for him to find that Luden Lascivious Acts on a Child Under 14, for which your guy was sent to prison for three years, that that's not a serious crime? Of course, that does lead to that question, whether a Section 288 conviction is a serious crime. Now, our argument is that while most of the time a Section 288 will be deemed a serious crime. But by what standard do we set it aside? We just don't like it? Or we think it's too harsh? No. What's the standard? What are we reviewing? Well, I mean, the legal standard for determining a serious crime is outlined in Mater Buscemi, which requires the Court to evaluate whether a conviction, a single conviction is a serious crime based on the gravity. Isn't that what the district court did? That is what the district court did. Then by what standard do we review it? I believe the standard to review it is whether it was a proper application of that standard in Buscemi to the factual, to the facts before the immigration court. What evidence is there in the record of that? Well, it wouldn't necessarily be to look at the record. Well, why is our judgment any better than his? He heard the witnesses. He reviewed the conviction, took testimony. You had a chance to bring in experts or whatever you wanted. There's none of that in the record, is there? Well, certainly there's the petitioner's testimony that is in the record as well as a limited amount of records regarding the conviction. Now, there's also a probation report, which the immigration judge found inadmissible, yet nevertheless incorporated into his final decision. Now, of course, that issue was not specifically raised in the opening brief and therefore could be construed as weight. But again, I believe that in determining whether a conviction is a serious crime, that is a question of law requiring application of the Buscemi standard to the facts of the particular case. Did you want to reserve time for rebuttal? I did. Thank you very much, Justice. May it please the Court, my name is Anthony Nicastro and I represent the Attorney General in this case. As Justice Hoffman pointed out, there's two barriers to jurisdiction in this case. One is that the petitioner is a criminal alien under 242A2C. He has to raise either a constitutional claim or a question of law under the Real ID Act to be able for this Court to exercise jurisdiction over the claim. And the second bar of jurisdiction is the discretionary denial of liability from the 212C. Can you speak up too? Yes. Sorry, Your Honor. Yes. First, on the question of whether or not the only issue that was briefed and whether or not the particular offense is a serious crime, that determination made by the immigration judge, this Court has held in Matsuk that it is a discretionary determination for the immigration judge to make such a decision. So that, the only issue that is briefed is a discretionary one and the Court lacks jurisdiction over the immigration judge's finding that it was a serious crime. Even if you somehow construe that that is a question of law within the jurisdiction of this Court, this Court's decision in Pablo, which was authored by Judge Biza, holds that the same offense, 288A in the California Penal Code, is a particularly serious crime. And that was a 212C case. And that was at the time when the Board could review discretionary decisions back in 1995. And this Court held in Pablo that the Board and the immigration judge was correct in categorizing this crime as a particularly serious crime, which necessitated the use of a higher outstanding or unusual equities test, which was applied in this case. Other than that, Your Honor, subject to the Court's questions, that concludes the government's argument that this Court lacks jurisdiction on two bases. No questions. Thank you, Mr. Newcastle. Thank you, Your Honor. Mr. Satter, you have the last word, if you'd like it. In regards to Pablo v. INS, this Court did find that a Section 288 conviction was a serious crime. Now, the issue that I would like the Court to consider is whether the Court's determination in Pablo was a, as a matter of law, whether Section 288 is a serious crime, and therefore making it a question of law, or whether the Court's decision in Pablo was based on discretionary grounds.  Thank you, Your Honor. Thank you, gentlemen. The case just argued is submitted. Good morning. 047109, Perez, Valencia v. McCasey, is submitted on the briefs.
judges: Beezer, Hall, Silverman